UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OPTICAL TACTICS, LLC D/B/A FORT WAYNE PRINTING COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ALLEN & GOEL MARKETING COMPANY, | ) ) |
| Defendant. | ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Optical Tactics, LLC d/b/a Fort Wayne Printing Company ("Fort Wayne Printing Company" or "Plaintiff"), by counsel, asserts claims against Allen & Goel Marketing Company ("Defendant") as follows:

### NATURE OF ACTION

1. Fort Wayne Printing Company has performed printing and related services in northeast Indiana since 1902. Throughout that time, it has used the mark "Fort Wayne" in association with and to promote the use of its services and goods.

2. Allen & Goel Marketing Company, a competitor of Fort Wayne Printing Company, now owns and operates a website at the domain name fortwayneprintshop.com by which it sells printing and related services in northeast Indiana, directly adopting and relying upon the "Fort Wayne" mark and its value to attract consumers.

3. Allen & Goel Marketing Company's conduct directly violates the trademark rights held by Fort Wayne Publishing Company in the "Fort Wayne" mark, and Fort Wayne Publishing Company has been damaged as a result of this conduct.

4. Fort Wayne Publishing Company is entitled to all appropriate recourse, including reimbursement of monetary damages, treble damages, disgorgement of profits, reimbursement of legal costs and fees, and permanent injunctive relief.

## PARTIES

5. Optical Tactics, LLC is an Indiana domestic limited liability company that operates its principal place of business at 909 Production Road, Fort Wayne, Indiana.

6. Optical Tactics, LLC has assumed the business name of Fort Wayne Printing Company.

7. Allen & Goel Marketing Company is a Pennsylvania domestic business corporation with its principal place of business in King of Prussia, Pennsylvania.

## JURISDICTION AND VENUE

8. This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., and under the related laws of the State of Indiana.

9. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Fort Wayne Publishing Company's state law claims because those claims are substantially related to Fort Wayne Publishing Company's federal Lanham Act claims.

10. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Fort Wayne Publishing Company and Allen & Goel Marketing Company are citizens of different states, namely Indiana for Fort Wayne Publishing Company and Pennsylvania for Allen & Goel Marketing Company, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. This Court has personal jurisdiction over Allen & Goel Marketing Company and venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §§ 1391(b)

and (c). Allen & Goel Marketing Company is intentionally and purposefully engaging in business in this District, and a substantial part of the events giving rise to Fort Wayne Publishing Company's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

12. Fort Wayne Printing Company has been providing printing and related services to Fort Wayne and northeast Indiana since 1902.

13. Throughout the duration of its operation, Fort Wayne Printing Company has used the mark "Fort Wayne" ("the Mark" or "the Trademark") in commerce in association with its printing and related services.

14. As a result of its long-time extensive use, marketing, promotional efforts, and commercial success, Fort Wayne Printing Company has developed widespread public recognition for the "Fort Wayne" mark in the printing services market and has attained substantial goodwill in its "Fort Wayne" mark.

15. Since 1902, Fort Wayne Printing Company has been the legal and equitable owner of the Mark, using it exclusively within northeast Indiana.

16. As the result of its extensive use and prominence, the Mark has become distinctive, indicating a direct association with Fort Wayne Printing Company in the printing services industry.

17. Fort Wayne Printing Company has invested time, money, and other resources to promote its services using the Mark throughout northeast Indiana.

18. The Mark and the goodwill associated with it have become valuable assets of Fort Wayne Printing Company.

19. "Fort Wayne" has become distinctive of Fort Wayne Printing Company's goods and services in the printing industry in northeast Indiana.

20. Allen & Goel Marketing Company is a Pennsylvania-based business. It has no physical presence in Fort Wayne, Indiana.

21. Allen & Goel Marketing Company is the owner of the domain name fortwayneprintshop.com.

22. From this domain name, Allen & Goel Marketing Company operates a web site through which it markets and sells printing services. Allen & Goel Marketing Company promotes itself in association with the term "Fort Wayne."

23. Allen & Goel Marketing Company has been using the Mark in association with its offer to sell printing and related services in northeast Indiana.

24. The web site operated by Allen & Goel Marketing Company at fortwayneprintshop.com deliberately targets potential consumers of printing services in northeast Indiana and does so with the intentional use of the "Fort Wayne" mark.

25. Although it is a Pennsylvania-based company, Allen & Goel Marketing Company does not disclose its Pennsylvania location on fortwayneprintshop.com.

26. Allen & Goel Marketing Company also does not disclose on fortwayneprintshop.com that it has no Fort Wayne physical presence.

27. Through its domain name and the representations made on its web site—both expressly and implicitly—Allen & Goel Marketing Company's use of "Fort Wayne" is an attempt to associate itself with the "Fort Wayne" mark owned by Fort Wayne Printing Company and to mislead and confuse consumers as to the source of the parties' respective goods and services.

28. Allen & Goel Marketing Company has no right to use "Fort Wayne" in a manner that is likely to create confusion in the marketplace, in a manner that dilutes the meaning of the "Fort Wayne" mark in the northeast Indiana printing market, and that trades on Fort Wayne Printing Company's goodwill and reputation.

29. Allen & Goel Marketing Company's use of the "Fort Wayne" mark violates Fort Wayne Printing Company's exclusive legal right to use the "Fort Wayne" mark in the sale and performance of printing services in northeast Indiana.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION
(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

30. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of its Complaint for Trademark Infringement as if fully set forth herein.

31. By misappropriating, using, and copying the Mark, Allen & Goel Marketing Company is misrepresenting and falsely describing to the general public and others the origin, sponsorship, or approval of its printing services. Allen & Goel Marketing Company's use in commerce of the Mark in connection with its commercial activities is likely to cause to confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of Allen & Goel Marketing Company with Fort Wayne Publishing Company, or as to the origin, sponsorship, or approval of Allen & Goel Marketing Company, its printing services, and its commercial activity, by or with Fort Wayne Publishing Company, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). As a result, Fort Wayne Publishing Company has a likelihood of prevailing on the merits.

32. As a direct and proximate result of the foregoing acts by Allen & Goel Marketing Company, Fort Wayne Publishing Company has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

33. Upon information and belief, Allen & Goel Marketing Company's conduct has been in conscious and willful disregard of Fort Wayne Publishing Company's rights, and the

resulting damage to Fort Wayne Publishing Company is such as to warrant the trebling of damages in order to provide just compensation.

34. Allen & Goel Marketing Company's activities described herein irreparably harm Fort Wayne Publishing Company, and there is no adequate remedy at law. The balance of equities weighs in favor of injunction.

## COUNT II

## TRADEMARK DILUTION

35. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of its Complaint for Trademark Infringement as if fully set forth herein.

36. The "Fort Wayne" mark is a famous mark in the printing industry in northeast Indiana. It has been associated with the goods and services of Fort Wayne Printing Company since 1902. Since 1902, Fort Wayne Printing Company has exclusively and continuously promoted and used the Mark throughout northeast Indiana. The Mark has become a well-known symbol Fort Wayne Printing Company and its products and services. Fort Wayne Printing Company's use of the mark long pre-dates its use by Allen & Goel Marketing Company.

37. Allen & Goel Marketing Company adopted its infringing use of the "Fort Wayne" mark after the "Fort Wayne" mark had become famous.

38. Allen & Goel Marketing Company's infringing use of the "Fort Wayne" mark causes dilution of the Mark by eroding the public's exclusive identification of the well-known Mark with Fort Wayne Publishing Company, tarnishing and degrading the positive associations and prestigious connotations of the Mark, and otherwise lessening the capacity of the Mark to identify and distinguish Fort Wayne Publishing Company's goods and services.

39. Allen & Goel Marketing Company's actions demonstrate intentional, willful and malicious intent to trade on the goodwill associated with Fort Wayne Publishing Company's Mark or to cause dilution of the Mark to the great and irreparable injury of Fort Wayne Publishing Company. This infringing use of the "Fort Wayne" mark irreparably harms Fort Wayne Publishing Company, and there is no adequate remedy at law. The balance of equities weighs in favor of injunction.

## COUNT III

## COMMON LAW TRADEMARKS INFRINGEMENT

40. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of its Complaint for Trademark Infringement as if fully set forth herein.

41. Fort Wayne Publishing Company has been using the Mark in trade in the printing services in the Fort Wayne, Indiana market since 1902.

42. As such, Fort Wayne Publishing Company has created common-law trademark status and owns common-law trademark rights associated with the Mark.

43. Allen & Goel Marketing Company's use of "Fort Wayne" in its marketing and advertising of printing services directly conflict with and breaches the common law rights of Fort Wayne Publishing Company in the Mark.

44. Fort Wayne Publishing Company has incurred damages as a result of Fort Wayne Publishing Company's violation of Fort Wayne Publishing Company's common law trademark rights in the "Fort Wayne" mark.

45. Fort Wayne Publishing Company is entitled to compensation for the damages it has incurred to date.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

46. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of its Complaint for Trademark Infringement as if fully set forth herein.

47. "Fort Wayne" is distinctive of Fort Wayne Publishing Company's business, goods, and services, and is used in a manner that identifies Fort Wayne Publishing Company and distinguishes it from the business or enterprises of others in the printing industry.

48. Allen & Goel Marketing Company uses the "Fort Wayne" mark to confuse actual and potential customers of Fort Wayne Publishing Company as to the source of Allen & Goel Marketing Company's products and services.

49. Allen & Goel Marketing Company's deceptive business practice, infringement, and unfair competition have been committed with the intent to cause confusion, to cause mistake, and to deceive among the relevant consuming public.

50. Allen & Goel Marketing Company's conduct constitutes unfair competition under the common law of Indiana. Unless enjoyed by this Court, Allen & Goel Marketing Company's conduct will continue to cause irreparable harm, damage, and injury to Fort Wayne Publishing Company, which has no adequate remedy at law.

## COUNT V

## INJUNCTIVE RELIEF

51. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of its Complaint for Trademark Infringement as if fully set forth herein.

52. Fort Wayne Publishing Company seeks permanent injunctive relief.

53. Allen & Goel Marketing Company's activities have caused and will continue to cause dilution by blurring and dilution by tarnishment of the famous mark.

54. Fort Wayne Publishing Company has suffered an irreparable injury through Allen & Goel Marketing Company's use of the "Fort Wayne" mark and through Allen & Goel Marketing Company's operation of fortwayneprintshop.com. In fact, irreparable harm is generally presumed in cases of trademark infringement. *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000).

55. Fort Wayne Publishing Company's injury is ongoing, and Fort Wayne Publishing Company will continue to suffer injury through ongoing activity by Allen & Goel Marketing Company. Allen & Goel Marketing Company's continued conduct has caused confusion and likely will continue to cause confusion among customers and/or vendors that has resulted and will continue to result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising and/or trademark dilution.

56. The remedies available to Fort Wayne Publishing Company at law for Allen & Goel Marketing Company's conduct, such as monetary damages, are inadequate to compensate Fort Wayne Publishing Company for this injury.

57. Considering the balance of hardships between Fort Wayne Publishing Company and Allen & Goel Marketing Company, a remedy in equity is warranted.

58. Public interest would not be disserved by a permanent injunction.

59. 15 U.S.C. 1125(c) expressly provides for injunctive relief under these circumstances.

## PRAYER FOR RELIEF

Fort Wayne Publishing Company asks this Court to award the following relief:

1. Judgment against Allen & Goel Marketing Company on all claims;

2. Monetary damages against Allen & Goel Marketing Company and in favor of Fort Wayne Publishing Company, including compensatory damages, treble damages, costs of litigation, and attorney fees;

3. Disgorgement of profits resulting from trademark violations by Allen & Goel Marketing Company;

4. A permanent injunction restraining Allen & Goel Marketing Company, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the "Fort Wayne" mark and any other infringing trademarks and domain names or diluting or falsely designating or unfairly using or trading on Fort Wayne Publishing Company's good name in connection with its business in relation to printing services; and

5. Any other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Optical Tactics, LLC d/b/a Fort Wayne Printing Company demands a trial by jury on all issues so triable.

Respectfully submitted,

BARRETT MCNAGNY LLP

*/s/ Benjamin D. Ice*
Benjamin D. Ice, #23015-53
215 East Berry Street
Fort Wayne, IN 46802
Telephone: (260) 423-9551
Fax: (260) 423-8920
E-mail: bdi@barrettlaw.com
*Attorneys for Plaintiff,*
*Optical Tactics, LLC d/b/a Fort Wayne*
*Printing Company*